# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, III,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>DOMINGO URIBE, JR, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　12-0231 BTM (WVG)<br><br>**ORDER**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and,**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

　　　Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

**FAILURE TO RAISE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

In accordance with Rule 4 of the rules governing § 2254 cases, the Petition is subject to dismissal because Petitioner has failed to allege that he is in custody in violation of the laws, treaties or Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner alleges that in February 2005, the Board of Prison Terms requested that the Sacramento District Attorney and the California Attorney General turn over material which Petitioner contends is exculpatory under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in order that Petitioner could use the material to prepare for a June 2012 parole hearing. (Pet. at 2, 14.) Petitioner indicates that although the government stipulated that it would provide the material to Petitioner, it has still not been turned over, which he alleges constitutes a due process violation. (<u>Id.</u> at 14.) He also indicates that he has exhausted his due process claim by presenting it to the state supreme court.[1] (<u>Id.</u> at 6, 15.)

---

[1] Petitioner raised a similar claim in a petition for writ of habeas corpus filed in this Court in case number 10cv2029 H (MDD), along with other claims. In that case, Petitioner claimed the Board of Parole Hearings "violated the Due Process Clause by failing to turn over exculpatory evidence for Petitioner's parole consideration hearings." (<u>See</u> Order filed 4/27/11 [ECF No. 55] at 4 in So.Dist.Ca.Civil Case No.10cv2029 H (MDD).) The Court found that Respondent did not possess the alleged evidence, that Petitioner's injury was not traceable to them or redressable by the Court, and accordingly there was no case or controversy between the parties regarding the claim. (<u>Id.</u> at 6.) Although the instant Petition presents a slightly different claim in that Petitioner contends that a different party has failed to turn over the material, the new Petition appears to be second or successive to the prior petition because Petitioner could have raised his claim in the prior petition. <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th Cir. 2001) (Generally, a new petition is 'second or successive' if it raises claims that

1    Petitioner has not presented a claim which is cognizable on federal habeas because he has
2 not alleged facts demonstrating that he is in custody in violation of "the Constitution or laws or
3 treaties of the United States." 28 U.S.C. § 2254. The United States Supreme Court has stated
4 that: "In the context of parole, we have held that the procedures required are minimal. In
5 Greenholtz [v. Nebraska, 442 U.S. 1 (1979)] we found that a prisoner subject to a prole statute
6 similar to California's received adequate process when he was allowed an opportunity to be
7 heard and was provided a statement of the reasons why parole was denied. . . . The Constitution,
8 we held, does not require more." Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011) (internal
9 quotation marks omitted). Petitioner appears to request prospective relief for a due process
10 violation that, even if it could arise from the failure to provide him with material needed for his
11 parole hearing, has not yet occurred. Thus, even to the extent Petitioner possess a due process
12 right to a parole hearing at which he is able to submit the requested material, such a due process
13 violation has not yet occurred. As such, Petitioner has not alleged that he is in custody in
14 violation of the federal Constitution, laws or treaties, and the Petition is subject to dismissal.

15    The Court notes that Petitioner contends that he is presenting a challenge to the conditions
16 of his confinement. (Pet. at 1.) Challenges to the fact or duration of confinement are brought
17 by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions
18 of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v.
19 Rodriquez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or
20 duration of his physical imprisonment, and the relief he seeks is a determination that he is
21 entitled to immediate release or a speedier release from that imprisonment, his sole federal
22 remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper
23 remedy for a state prisoner who is making a constitutional challenge to the conditions of his
24 prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States
25 Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Petitioner may not proceed with his
26 claim under § 1983 because he is seeking Brady material. See Skinner v. Switzer, 131 S.Ct.
27 1289, 1300 (2011) (holding that because a Brady claim, when successful, necessarily yields
28

were or could have been adjudicated on their merits in an earlier petition.") The Court need not make a
determination whether the instant Petition is second or successive because it does not present a federal claim.

1  evidence undermining a conviction, it cannot be maintained under § 1983).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the petition for failure to state cognizable claim for relief.

**IT IS SO ORDERED.**

DATED:  February 21, 2012

                                                                       *Barry Ted Moskowitz*
                                                                       BARRY TED MOSKOWITZ, Chief Judge
                                                                       United States District Court